IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> MARLON ERIC SCHRADER, § <br> § <br> Defendant. § | CIVIL ACTION NO. 6:23-CR-00097-JDK |

**REPORT & RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

On June 21, 2024, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Marlon Eric Schrader. The government was represented Bob Wells, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Jonathan Hyatt, Federal Public Defender.

Defendant originally pled guilty to the offense of Possession of Firearm by a Convicted Felon, a Class C felony. This offense carried statutory maximum imprisonment terms of 10 years. The guideline imprisonment range, based on a total offense level of 21 and a criminal history category of IV, was 57 to 71 months. On September 10, 2020, U.S. District Judge Alan Albright of the Western District of Texas sentenced Defendant to 65 months imprisonment, followed by 3 years of supervised release subject to the standard conditions of release, plus special conditions to include drug after-care and search On June 30, 2023, Defendant completed his period of imprisonment and began service of the supervision term.

Under the terms of supervised release, Defendant was required to refrain from any unlawful possession of a controlled substance. In its petition, the government alleges that Defendant violated

1

his conditions of supervised release on August 2, 2023 when he admitted to using methamphetamine and on September 5, 2023 when he tested positive for methamphetamine, a controlled substance. The government represents that Fifth Circuit case law permits a court to find that illicit drug use constitutes possession for the offense.

If the court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by possessing methamphetamine, Defendant will be in violation of Texas Health and Safety Code § 481.115 and have committed a Grade B violation. U.S.S.G. § 7B1.1(a). Upon finding of a Grade B violation, the court shall revoke supervised release. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of IV, the Guideline imprisonment range for a Grade B violation is 12 to 18 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade B violation of the conditions of supervision referenced above by the unlawful possession of a controlled substance as alleged in the government's petition. In exchange, the government recommended to the court a sentence of 12 months and 1 day imprisonment followed by a one-year term of supervised release with the first 6 months of the supervised release term to be served at a halfway house.

The court therefore **RECOMMENDS** that Defendant's plea of true be accepted and that he be sentenced to 12 months and 1 day imprisonment followed by a one-year term of supervised release with the first 6 months of the supervised release term to be served at a halfway house.  The court further **RECOMMENDS** that Defendant serve his sentence at FCI Seagoville, TX, if available, and that he receive drug and mental health treatment. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 24th day of June, 2024.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE