IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| | § | CASE NUMBER 6:23-CR-00097-JDK-1 |
| v. | § § | |
| | § | |
| MARLON ERIC SCHRADER, | § § § | |

### REPORT AND RECOMMENDATION OF
### UNITED STATES MAGISTRATE JUDGE

On October 27, 2025, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Marlon Eric Schrader. The government was represented by Dustin Farahnak, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Jonathan Hyatt, Federal Public Defender.

Defendant originally pled guilty to the offense of Possession of a Firearm by a Convicted felon, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 21 and a criminal history category of IV, was 57 to 71 months. On February 26, 2020, U.S. District Judge Alan D. Albright of the Western District of Texas sentenced Defendant to 65 months imprisonment, followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include drug aftercare and search. On June 30, 2023, Defendant completed his period of imprisonment and began service of the supervision term in the Western District of Texas, Waco Division.

On August 18, 2023, jurisdiction over Defendant's case was transferred to the Eastern District of Texas, Tyler Division, and on September 20, 2023, Defendant's case was assigned to U.S. District Judge Jeremy D. Kernodle. Following the reassignment of Defendant's case, the terms of Defendant's supervised release were modified to include a 180-day placement in a residential reentry center. On June 27, 2024, Defendant's term of supervised release was revoked, and he was subsequently sentenced to 12 months and 1 day of imprisonment with a 1 year term of supervised release to follow subject to the standard conditions of release, plus special conditions to include drug aftercare, mental health treatment, and placement in a residential reentry center for up to 180 days. On June 19, 2025, Defendant completed his period of imprisonment and began service of the supervision term in the Eastern District of Texas, Tyler Division.

Under the terms of supervised release, Defendant was required to refrain from any unlawful use of controlled substances. Defendant was also required to submit to a drug test within 15 days of release from imprisonment and to at least two periodic drug tests thereafter as determined by the court. In Allegation 1 of its petition, the government alleges that Defendant violated his conditions of supervised release (1) on or about June 24, 2025, when Defendant admitted to using synthetic marijuana and methamphetamine; and (2) on or about October 8, 2025, when Defendant submitted a urine specimen which tested positive for methamphetamine. The government represents that Fifth Circuit case law permits a court to find that illicit drug use constitutes possession for the offense.

If the court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by possessing methamphetamines, as evidenced by Defendant's admissions and positive drug test, Defendant will be in violation of Texas Health and Safety Code § 481.115 and will have committed a Grade B violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade B

violation, the court shall revoke supervised release. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of IV, the guideline imprisonment range for a Grade B violation is 12 to 18 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade B violation of the condition prohibiting Defendant from unlawfully using controlled substances asserted as Allegation 1 in the government's petition. In exchange, the government recommended to the court that Defendant be imprisoned for a term of 12 months with no period of supervised release to follow.

The court therefore **RECOMMENDS** that Defendant's plea of true to Allegation 1 be accepted and that he be imprisoned for 12 months with no supervised release to follow. The court further **RECOMMENDS** that Defendant serve his sentence at FCI Texarkana, TX, if available. If the Defendant cannot serve his sentence at FCI Texarkana, TX, the court **RECOMMENDS** Defendant does not serve his sentence at FCI Seagoville, TX, if possible. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 28th day of October, 2025.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE